Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Louis Greg Miscovich, Appellee.

416

Argued September 15, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Michael J. Stewart,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, March 4, 1983:

The Westmoreland County Common Pleas Court, by order, sustained Miscovich's appeal from the suspension of his driving privileges. The Department of Transportation (Department) appeals. We affirm.

Miscovich, before a District Justice, pleaded guilty to driving under the influence of alcohol, a misdemeanor of the third degree.[1] The District Justice certified the conviction to the Department which, in turn, suspended Miscovich's license. The trial court found the certification to be invalid, holding that "[s]ection

---

[1] 75 Pa. C. S. §3731.

6323 of Volume 75 Pennsylvania Consolidated Statutes requires that *only* the Clerk of Courts of the County can certify the conviction of a violation of the Vehicle Code.'' (Emphasis added.)

While we agree with the trial court's disposition of this case, we disagree with the rationale.

Section 1515 of the Judicial Code[2] vests a district justice with jurisdiction to accept a plea of guilty from a motorist charged with driving under the influence of alcohol. This jurisdiction is contingent upon several criteria,[3] one of which is the arresting authority sending a copy of the charge to the county clerk of courts within five days following the preliminary arraignment. Once jurisdiction is satisfied[4] and a plea of guilty is accepted, the district justice ''shall certify the disposition to the county clerk of courts in writing.''

Pennsylvania Rule of Criminal Procedure 149 requires a district justice, who has been specifically empowered by statute to exercise jurisdiction over certain court cases[5] and who has accepted a plea of guilty, to certify the conviction to the county clerk of courts.

---

[2] 42 Pa. C. S. §1515(a)(5).

[3] The other criteria include:

(1) the offense being the defendant-motorist's first offense for driving while intoxicated; (2) there being no personal injury (other than to defendant or his immediate family); (3) the defendant pleading guilty; (4) there being no property damage in excess of $500 (excluding damage to defendant's property); and (5) defendant not being subject to the juvenile provisions of the Judicial Code (42 Pa. C. S. §§6301-6365).

[4] 42 Pa. C. S. §1515(a)(5) provides that ''[i]n determining that the . . . criteria are met the district justice shall rely on the certification of the arresting authority. Certification that the criteria are met need not be in writing.''

[5] Pa. R. Crim. P. 3(f) defines a ''court case'' as a case in which one or more of the offenses charged is a misdemeanor, felony or murder of the first or second degree.

Under both the jurisdictional statute and the rule of criminal procedure, the district justice is required to certify a conviction entered following a guilty plea for *driving under the influence of alcohol* to the county clerk of courts.

The Department contends that Section 6323 of the Vehicle Code[6] (Code) requires a district justice to certify to the Department any conviction for violations of the Code. Section 6323 provides that:

> The clerk of any court of this Commonwealth, within ten days after final judgment of conviction or acquittal or other disposition of charges under any of the provisions of this title, shall send to the department a record of the judgment of conviction, acquittal or other disposition.

The Department argues that, since the legislature intended the term "court" to include a district justice[7] and since Section 6323 requires the "clerk of *any* court of this Commonwealth" to certify convictions to the Department, a district justice is mandated by statute to certify a conviction for driving under the influence of alcohol to the Department.

This interpretation of Section 6323 raises apparent conflicts between the district justice's jurisdictional parameters as set forth in Section 1515(a)(5) of the Judicial Code and his reporting duties under Pa. R. Crim. P. 149(e). The only plausible reason we can discern for requiring a district justice to certify to the clerk of courts a conviction entered pursuant to a plea of guilty for driving while intoxicated would be to provide the clerk of courts with a true and correct record

---

[6] 75 Pa. C. S. §6323.

[7] 75 Pa. C. S. §102 provides:

"Court." Includes (when exercising criminal or quasi-criminal jurisdiction pursuant to 42 Pa. C. S. §1515 (relating to jurisdiction and venue)) a district justice.

of the conviction and to enable the clerk to then certify the judgment to the Department.

The trial court held that the certification of the conviction by the district justice was invalid but went too far in stating that *only* a clerk of courts can certify convictions from Vehicle Code violations to the Department.

Pennsylvania Rule of Criminal Procedure 69 requires a district justice to make a report of the disposition of summary offenses of the Vehicle Code. Section 6322 of the Code sets forth the contents of the report, requiring the district justice to certify to the truth and correctness and *to forward the report to the Department.* Therefore, a district justice, and not the clerk of courts, is empowered to certify convictions of summary offenses to the Department.

We conclude that convictions made by a district justice pursuant to a guilty plea for driving under the influence of alcohol must be certified to the Department by the county clerk of courts.

Affirmed.

## ORDER

The order of the Westmoreland County Court of Common Pleas, No. 6821 of 1979 dated March 13, 1980, is hereby affirmed.

---

DISSENTING OPINION BY JUDGE DOYLE:

I respectfully dissent. While I agree with the conclusion reached by the majority that a district justice is empowered to certify convictions of summary offenses to the Department, I must disagree with the holding that *only* the county clerk of courts can certify to the Department a conviction for driving under the influence of alcohol made by a district justice pursuant to a guilty plea.

Prior to being amended by Section 13(22) of the Judiciary Act Repealer Act (JARA), Act of April 28, 1978, P.L. 202, Section 6323 of the Vehicle Code read, in pertinent part, "[t]he clerk of *any court of record* . . . shall send to the [D]epartment a record of the judgment conviction. . . ." (Emphasis added.) As the result of its amendment by JARA, however, the relevant language of Section 6323 now reads "[t]he clerk of *any court* of this Commonwealth . . . shall send to the [D]epartment a record of the judgment of conviction. . . ." (Emphasis added.) In conjunction with the amendment of Section 6323, Section 13(1) of JARA added to Section 102 of the Vehicle Code, 75 Pa. C. S. §102, a definition of "court," which states that the term "[i]ncludes (when exercising criminal or quasi-criminal jurisdiction pursuant to 42 Pa. C. S. §1515 . . .) *a district justice.*" (Emphasis added.) Section 1515 of the Judicial Code, 42 Pa. C. S. §1515, was in turn amended by Section 10(18) of JARA to permit a district justice to accept guilty pleas for *first offenses only* of driving under the influence of alcohol subject to the other conditions described by the majority. Thus, all three statutory sections herein involved were amended by the same legislation which I believe evidences a legislative intent and purposeful statutory scheme. There is nothing in this statutory scheme which prohibits a district justice from certifying such a conviction directly to the Department. Instead, it is clear that the reason for requiring the district justice to certify a driving under the influence conviction to the county clerk of courts, is to permit the county clerk to have as complete a record as possible for any prior similar offenses by a defendant charged with driving under the influence of alcohol; thus permitting the arresting authority in such a matter to readily ascertain, through the county clerk, whether jurisdiction over the matter properly lies with a district justice. To

simultaneously require the district justice to certify such convictions to the Department therefore does not lead to any conflict between his jurisdiction under Section 1515 of the Judicial Code and his reporting requirements under Pa. R. Crim. P. 149(e). The certification to the Department in the case at bar was proper and I would reverse the trial court.